```
            UNITED STATES DISTRICT COURT
               DISTRICT OF NEW JERSEY
_____
                                       :
ANTHONY LATREL PLAYER,                 :
                                       :
        Petitioner,                    :   Civ. No. 19-12141 (NLH)
                                       :
    v.                                 :   OPINION
                                       :
                                       :
UNITED STATES OF AMERICA,              :
                                       :
        Respondent.                    :
_____:
```

APPEARANCES:

Anthony Latrel Player
33755-058
Fort Dix Federal Correctional Institution
P.O. Box 2000
Joint Base MDL, NJ 08640

 Petitioner Pro se

Craig Carpenito, United States Attorney
John F. Basiak, Jr., Assistant United States Attorney
Office of the US Attorney
402 East State Street, Room 430
Trenton, NJ 08608

 Attorneys for Respondent

HILLMAN, District Judge

 Anthony Latrel Player has filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 arguing that his presentence report contains unproven allegations that impact his eligibility for prison programming.  ECF No. 1.  The United States moves to dismiss the petition for lack of jurisdiction.  ECF No. 15.  For the reasons expressed below, this Court will

grant the motion and dismiss the petition for lack of jurisdiction.

I.  BACKGROUND

Petitioner pled guilty before the United States District Court for the Western District of North Carolina to conspiring to distribute and possess with intent to distribute heroin, 21 U.S.C §§ 846, 841(a)(1), & (b)(1)(B); possessing a firearm in furtherance of a drug trafficking crime, 18 U.S.C. §§ 924(c)(1)-(2); and being a felon in possession of a firearm, 18 U.S.C. §§ 922(g)(1)-(2).  <u>United States v. Player</u>, 17-cr-213 (W.D.N.C. Apr. 24, 2018) (ECF No. 15).[1]  "At or around the time of this guilty plea, Petitioner asserts he sought to remove certain 'uncharged' information contained in the plea agreement and PSR, which mentioned the 'death of Jane Doe.'"  ECF No. 15-1 at 7.

"Petitioner believes this 'uncharged' conduct should be removed from his plea agreement and PSR because the narcotics distributed by Petitioner were not proven to be the 'but for' causation of Jane Doe's overdose and eventual death."  <u>Id.</u>  According to Petitioner, "counsel was ineffective . . . and allowed the relevant conduct to enter into the book of record, plea-agreement line number 9(2) and pre-sentence report line number 30 . . . ."  ECF No. 1-1 at 5.

---

[1] The Court takes judicial notice of these public filings.

On August 31, 2018, Petitioner was sentenced to a 120-month term of imprisonment.  Player, 17-cr-213 (W.D.N.C. Aug. 31, 2018) (ECF No. 29).  He did not file a direct appeal, but he did file an unsuccessful motion to correct, vacate, or set aside his federal sentence under 28 U.S.C. § 2255 on September 23, 2019.  Player v. United States, No. 3:17-CR-00367, 2020 WL 697862 (W.D.N.C. Feb. 11, 2020).

Petitioner filed this § 2241 petition on April 8, 2019 in the Western District of North Carolina.  ECF No. 1.  That court transferred the petition to this District as Petitioner was incarcerated in FCI Fort Dix, New Jersey at the time of filing and was claiming to challenge the execution of his sentence, not its validity.  ECF No. 3.  This Court ordered the United States to answer the petition.  ECF No. 11.  The United States filed a motion to dismiss in lieu of an answer on December 27, 2019.  ECF No. 15.  Petitioner filed his opposition on February 11, 2020.  ECF No. 17.

II.  DISCUSSION

    A.  Legal Standard

Petitioner brings this petition for a writ of habeas corpus as a pro se litigant.  The Court has an obligation to liberally construe pro se pleadings and to hold them to less stringent standards than more formal pleadings drafted by lawyers.  Erickson v. Pardus, 551 U.S. 89, 94 (2007); Higgs v. Attorney

Gen. of the U.S., 655 F.3d 333, 339 (3d Cir. 2011), as amended (Sept. 19, 2011) (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance.

    B.  Analysis

Petitioner argues that the Supreme Court's decision in Burrage v. United States, 571 U.S. 204 (2014), requires this Court to remove any references to his drug trafficking causing the overdose death of "Jane Doe" from his plea agreement and PSR because the United States did not prove "but for" causation. He alleges that "[t]his relevant conduct is effecting [sic] defendant's education programming, job, and any drug programming." ECF No. 1-1 at 6. The United States argues that the Court lacks jurisdiction over the petition because Petitioner is not arguing that the BOP is acting in a manner inconsistent with the judgment of conviction or recommendation by the sentencing court. ECF No. 15-1 at 10.

Section 2241 "confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence." Coady v. Vaughn, 251 F.3d 480, 485 (3d Cir. 2001). Petitioner argues that his attorney was ineffective because he failed to get the relevant conduct removed from the plea agreement and PSR. Allegations of

4

ineffective assistance of counsel during plea negotiations and sentencing are quintessential claims in a § 2255 proceeding and cannot be raised under § 2241 in this circuit.  Moreover, BOP's reliance on the information contained within Petitioner's PSR for programming eligibility does not affect the execution of his legally imposed sentence.[2]

The Third Circuit has not yet decided in a precedential decision that prisoners may use § 2241 to remove information from their PSRs after their convictions are final.  See Williams v. Fed. Bureau of Prisons & Parole Comm'n, 85 F. App'x 299, 304 (3d Cir. 2004).  However, it has suggested in a few unpublished, non-precedential opinions that § 2241 might be "an avenue for relief" in certain circumstances.  United States v. Ballard, 512 F. App'x 152, 153 (3d Cir. 2013) (per curiam) (dismissing motion under Fed. R. Crim. P. 32 without prejudice to filing a § 2241 petition, but not deciding whether § 2241 jurisdiction was proper).[3]  See also Williams, 85 F. App'x at 304 (assuming

---

[2] Although the United States does not move to dismiss this petition on failure to exhaust grounds, Petitioner candidly admits he did not exhaust the BOP's internal remedy system.  See ECF No. 1-1 at 2.  The Third Circuit generally requires exhaustion of these remedies before filing a § 2241 petition. Callwood v. Enos, 230 F.3d 627, 633-34 (3d Cir. 2000) ("Although there is no statutory exhaustion requirement attached to § 2241, we have consistently applied an exhaustion requirement to claims brought under § 2241.").

[3] The Court of Appeals for the Fifth Circuit has held these types of requests are properly filed in the sentencing court under

5

without deciding that prisoners could file expungement motions under § 2241); but see Toolasprashad v. Grondolsky, 570 F. Supp. 2d 610, 633 (D.N.J. 2008) ("[A]n expungement claim falls outside § 2241 jurisdiction . . . .").

In Ballard, the Third Circuit qualified its statement that § 2241 might provide "an avenue of relief" to remove information from a PSR by stating that § 2241 could only be used to challenge inaccuracies that affected the execution of the sentence. Ballard, 512 F. App'x at 153 (citing Cardona v. Bledsoe, 681 F.3d 533, 535–37 & n.5 (3d Cir. 2010)). "[T]he precise meaning of execution of the sentence' is hazy." Woodall v. Fed. Bureau of Prisons, 432 F.3d 235, 243 (3d Cir. 2005). The Third Circuit has thus far defined the "execution of a sentence" as actions by the BOP that are "somehow inconsistent with a command or recommendation in the sentencing judgment." Cardona, 681 F.3d at 537 (referral to SMU, a program that limits an inmate's contact with other prisoners, does not concern the execution of a prisoner's sentence). This is because such allegations assert "that the BOP was not properly put[ting] into effect or carry[ing] out the directives of the sentencing judgment." Id. (internal quotation marks omitted) (alterations in original). Assuming arguendo that § 2241 was the proper

---

Federal Rule of Criminal Procedure 36.  United States v. Mackay, 757 F.3d 195 (5th Cir. 2014).

6

method to challenge a PSR's accuracy post-judgment, only those alleged errors that impact the execution of the sentence as defined by the Third Circuit may ultimately proceed under § 2241.

There is no indication that the BOP has taken any action that is inconsistent with the judgment of conviction. Petitioner's repeated assertion that he is challenging the execution of his sentence is just "linguistic legerdemain in an effort to invoke this Court's habeas corpus jurisdiction." Wragg v. Ortiz, No. 20-5496, ___ F. Supp. 3d ___, 2020 WL 2745247, at *1 (D.N.J. May 27, 2020).  Therefore, Petitioner is not eligible to raise his claim under § 2241, and the Court lacks jurisdiction.

Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interests of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed."  28 U.S.C. § 1631.  The Court declines to transfer the petition at this time because Petitioner has not exhausted his administrative remedies, the first step in challenging any denial of access to BOP programming.  Nothing in this opinion should be construed as preventing Petitioner from refiling his request in the sentencing court himself if he so chooses.

7

III. CONCLUSION

    For the foregoing reasons, the petition for writ of habeas corpus is dismissed for lack of jurisdiction.  An appropriate order will be entered.

Dated: June 12, 2020                s/ Noel L. Hillman
At Camden, New Jersey           NOEL L. HILLMAN, U.S.D.J.